UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LESALI BULLARD,

Petitioner,

v. CASE NO. 6:05-cv-415-Orl-19DAB

R. L. STIFF,

Respondent.

**ORDER**

Petitioner filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2241 (Doc. No. 1). Petitioner alleges essentially two claims for relief in his petition, both of which involve the imposition of his sentence.[1]

Since it appeared that Petitioner was actually seeking relief under 28 U.S.C. § 2255, the Court entered an Order requiring Petitioner to show cause why this case should not be treated as a section 2255 motion (Doc. No. 5).[2] Petitioner filed a reply (Doc. No. 7), and the Court entered an Order informing Petitioner that it intended to recharacterize the petition as a section 2255 motion and allowing Petitioner the opportunity to withdraw the motion or to amend it so that it contained all the section 2255 claims he believed he had (Doc. No. 8). Petitioner did not file a reply.[3]

---

[1]The underlying criminal case number was 6:98-cr-203-Orl-19DAB.

[2]The Court notes that Petitioner previously filed a section 2255 motion with this Court, which was dismissed with prejudice. *See* Case number 6:00-cv-270-Orl-19DAB.

[3]The Court informed Petitioner that the failure to reply could result in the dismissal of the action without further notice.

The Court finds that, in the instant habeas petition, Petitioner is seeking relief under section 2255.[4] A petitioner typically collaterally attacks the validity of his federal sentence by filing a petition under section 2255, *see Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003), *cert. denied*, 540 U.S. 900 (2003), and he (or she) cannot "use § 2241 simply to escape the restrictions on second or successive § 2255 motions." *See Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999).

Since Petitioner previously filed a federal habeas petition attacking his conviction and sentence, *see* case number 6:00-cv-270-Orl-19DAB, which was dismissed with prejudice, the instant petition is subject to the restrictions on "second or successive" petitions. Consequently, before Petitioner will be permitted to file a second or successive section 2255 motion in this Court, Petitioner must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § § 2244, 2255. For this reason, this case will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

Petitioner should be aware that section 2255 limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive motion. Furthermore, section 2255 imposes a time limitation on the filing of a motion. Petitioner, in seeking relief in the Court of Appeals, should be cognizant of both of these provisions.[5]

---

[4]Ostensibly, Petitioner brought the instant action under section 2241 because he previously filed a section 2255 motion, and he is prohibited from filing another section 2255 motion unless he first obtains authorization from the Eleventh Circuit Court of Appeals to file a successive motion.

[5]Petitioner also mentions that he is seeking relief under 28 U.S.C. § 1651. "The writ of error coram nobis affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody." *Berry v. United States*, No. C01-1950MMCPR, 2001 WL 1112208, at *1

Accordingly, it is now **ORDERED AND ADJUDGED**:

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to close this case and to send Petitioner the appropriate form for filing a second or successive section 2255 motion.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 19th day of May, 2005.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
pslc 5/19
Lesali Bullard

(N.D. Cal. September 17, 2001). Because Petitioner is "in custody" the writ of error coram nobis in not available to him at this time, and the claim for relief on that basis is denied.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LESALI BULLARD,

Petitioner,

v. CASE NO. 6:05-cv-415-Orl-19DAB

R. L. STIFF,

Respondent.

**ORDER**

Petitioner filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2241 (Doc. No. 1). Petitioner alleges essentially two claims for relief in his petition, both of which involve the imposition of his sentence.[1]

Since it appeared that Petitioner was actually seeking relief under 28 U.S.C. § 2255, the Court entered an Order requiring Petitioner to show cause why this case should not be treated as a section 2255 motion (Doc. No. 5).[2] Petitioner filed a reply (Doc. No. 7), and the Court entered an Order informing Petitioner that it intended to recharacterize the petition as a section 2255 motion and allowing Petitioner the opportunity to withdraw the motion or to amend it so that it contained all the section 2255 claims he believed he had (Doc. No. 8). Petitioner did not file a reply.[3]

[1]The underlying criminal case number was 6:98-cr-203-Orl-19DAB.

[2]The Court notes that Petitioner previously filed a section 2255 motion with this Court, which was dismissed with prejudice. *See* Case number 6:00-cv-270-Orl-19DAB.

[3]The Court informed Petitioner that the failure to reply could result in the dismissal of the action without further notice.

The Court finds that, in the instant habeas petition, Petitioner is seeking relief under section 2255.[4] A petitioner typically collaterally attacks the validity of his federal sentence by filing a petition under section 2255, *see Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003), *cert. denied*, 540 U.S. 900 (2003), and he (or she) cannot "use § 2241 simply to escape the restrictions on second or successive § 2255 motions." *See Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999).

Since Petitioner previously filed a federal habeas petition attacking his conviction and sentence, *see* case number 6:00-cv-270-Orl-19DAB, which was dismissed with prejudice, the instant petition is subject to the restrictions on "second or successive" petitions. Consequently, before Petitioner will be permitted to file a second or successive section 2255 motion in this Court, Petitioner must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § § 2244, 2255. For this reason, this case will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

Petitioner should be aware that section 2255 limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive motion. Furthermore, section 2255 imposes a time limitation on the filing of a motion. Petitioner, in seeking relief in the Court of Appeals, should be cognizant of both of these provisions.[5]

---

[4]Ostensibly, Petitioner brought the instant action under section 2241 because he previously filed a section 2255 motion, and he is prohibited from filing another section 2255 motion unless he first obtains authorization from the Eleventh Circuit Court of Appeals to file a successive motion.

[5]Petitioner also mentions that he is seeking relief under 28 U.S.C. § 1651. "The writ of error coram nobis affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody." *Berry v. United States*, No. C01-1950MMCPR, 2001 WL 1112208, at *1

Accordingly, it is now **ORDERED AND ADJUDGED**:

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to close this case and to send Petitioner the appropriate form for filing a second or successive section 2255 motion.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 19th day of May, 2005.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
pslc 5/19
Lesali Bullard

(N.D. Cal. September 17, 2001). Because Petitioner is "in custody" the writ of error coram nobis in not available to him at this time, and the claim for relief on that basis is denied.